David CASTILLO, Plaintiff,

v.

Booth GARDNER; Larry Kincheloe, Defendants.

No. CV–89–485–JLQ.

United States District Court, E.D. Washington.

May 31, 1994.

Nancy Emmet Horgan, Vashon, WA, for plaintiff and David Castillo, pro se.

John Scott Blonien, Atty. Gen. of Washington and Martin E. Wyckoff, Olympia, WA, for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

QUACKENBUSH, Chief Judge.

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment (Ct.Rec. 22), heard without oral argument on May 23, 1994. Plaintiff did not appear; Defendants were represented by Martin E. Wyckoff. Having reviewed the record, and being fully advised in this matter, the court hereby grants Defendants' motion.

Defendants, Former Governor Booth Gardner and WSP Superintendent Lawrence Kincheloe, have moved for summary judgment against inmate David Castillo believing that they are entitled to qualified immunity from damages resulting from the policy permitting digital rectal probe searches on inmates. This is a damage-only issue and does not seek injunctive relief. This court has previously enjoined digital rectal probes without cause predicate. Inmate Castillo has filed no response despite an Order Advising Plaintiff Regarding Summary Judgment (Ct. Rec. 27).

■ Defendants make two arguments: First, they contend that the policy of performing digital rectal searches on incarcerated felons transferred to the most secure segment of a correctional facility is constitutional. This court and the Ninth Circuit disagree with this contention, absent cause predicate. However, "[i]n the present case, the regulation at issue is a blanket requirement that all prisoners transferred to IMU be rectally probed, without any cause predicate." *Wetmore v. Gardner,* 735 F.Supp. 974, 978 (E.D.Wash.1990), *rev'd, Hemphill v. Kincheloe,* 987 F.2d 589 (9th Cir.1993). The Ninth Circuit stated that were it faced with the constitutionality of this precise type of search, it would find the search unconstitutional absent a legitimate penological need. *Tribble v. Gardner,* 860 F.2d 321, 324–25 (9th Cir.1988). In *Wetmore,* a jury found that

this policy lacked a legitimate penological purpose. *Wetmore,* 735 F.Supp. at 981. "In seven cases tried after *Wetmore,* [this] court applied the doctrine of offensive collateral estoppel to deny the officials the opportunity to relitigate the constitutional claims...." *Hemphill,* 987 F.2d at 591. The policy of conducting digital rectal probes without cause predicate is not reasonably related to a legitimate penological goal and is therefore unconstitutional. *See Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Summary judgment for Defendants on this ground would be improper.

■ Defendants' second argument for summary judgment is that they are entitled to qualified immunity from suit. "Prison officials who have implemented a digital rectal probe policy are entitled to qualified immunity if, in light of the clearly established law at the time, a reasonable official could have believed that his conduct was lawful." *Hemphill,* 987 F.2d at 591. In *Hemphill,* these exact Defendants were on trial for the exact policy at issue in the present case. *Hemphill* consolidated eight of the more than 100 cases filed by Washington State Penitentiary prisoners who were subjected to the digital rectal probe. *Id.* In this consolidated appeal, the Ninth Circuit held that Booth Gardner and Lawrence Kincheloe, among other officials, were entitled to qualified immunity on the damage claim as a matter of law, even though the *Tribble* court had ruled to the contrary. *See Id.* at 594.

■ Although collateral estoppel or issue preclusion does not technically apply to the matter of qualified immunity at hand, the court finds that the holding of *Hemphill* directs this court's finding in the present case. The doctrine of issue preclusion prevents relitigation of issues actually litigated and necessarily decided in a prior proceeding. *Robi v. Five Platters, Inc.,* 838 F.2d 318, 322 (9th Cir.1988). However, "[i]n both the offensive and defensive use situations the party against whom estoppel is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979). In

other words, collateral estoppel precludes re-litigation of the same issue between the same parties in different cases. *In re Giangrasso*, 145 B.R. 319, 322 (Bankr. 9th Cir.1992).

Here, the same issue is involved with the same defendants; but the plaintiffs are different. Booth Gardner and Lawrence Kincheloe cannot invoke defensive collateral estoppel—estopping a plaintiff from asserting a claim that the plaintiff had previously litigated and lost against another defendant—because David Castillo never litigated his claim in a prior action. The *Hemphill* consolidated appeal did not include David Castillo and so collateral estoppel is technically inapplicable.

Nonetheless, collateral estoppel is instructive in that the claim of David Castillo for damages is the same as the damage claims of the other approximately 100 inmates subjected to the digital rectal probe. They all complain that the probe violated their constitutional rights. Despite these claims, the Ninth Circuit expressly held that Booth Gardner and Lawrence Kincheloe are entitled to qualified immunity, as a matter of law, from damages based on this digital rectal probe policy. Accordingly, in the present matter based on the identical policy, there being no genuine issue of material fact remaining, the court agrees that the Defendants are entitled to qualified immunity as a matter of law against the Plaintiff's claim for damages.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (Ct.Rec.22) is **GRANTED.** Accordingly, this matter is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The Clerk is hereby directed to enter this Order; furnish copies to counsel and Plaintiff; and close the file.